UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22884-BLOOM

ELIZABETH PUENTE,

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.

_____/

**ORDER DISMISSING CASE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On September 9, 2022, Plaintiff Elizabeth Puente field a Complaint for Damages against Defendant Lexington Insurance Company. ECF No. [1]. According to the Complaint, Defendant failed to fulfill its obligations pursuant to a homeowner's policy issued to Plaintiff. *Id*. ¶ 15. For the reasons set forth below, the Complaint has failed to establish that the Court has subject matter jurisdiction over this matter.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 410 (11th Cir. 1999). A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time*."* *Herskowitz*

*v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410

The Complaint does not reveal a basis for federal jurisdiction. The "Basis of Jurisdiction" section of the Civil Cover Sheet is incomplete. ECF No. [1-1] at 1. More importantly, the Complaint lacks "a short and plaint statement of the grounds for the court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1).

The substance of the Complaint reveals no basis for federal question jurisdiction. The Complaint contains no reference to the U.S. Constitution or any federal statute; the only citation is to Fla. Stat. § 627.428, which governs attorney fees in insurance disputes under Florida law. ECF NO. [1] ¶ 15. This is clearly an insurance dispute governed by Florida law. There is no basis for federal question jurisdiction.

Diversity jurisdiction is also lacking. For the Court to have diversity jurisdiction, the amount in controversy must exceed "$75,000, exclusive of interests and costs," and the parties must have diverse citizenship. 28 U.S.C. § 1332(a). Regarding the amount in dispute, the Complaint merely states that "the damages do exceed $30,000.00 excluding attorney's fees, cost and interest." ECF No. [1] ¶ 1. That allegation, accepted as true, in insufficient to satisfy § 1332(a)'s amount-in-controversy requirement. As to citizenship, the Complaint alleges that Plaintiff is "a permanent resident of Miami-Dade County, Florida," *id.* ¶ 2, and "Defendant is a Florida corporation existing under the laws of the state of Florida," *id.* ¶ 3. Those allegations,

Case No. 22-cv-22884-BLOOM

accepted as true, do not establish that the parties have diverse citizenship.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**;

2. Plaintiff has leave to file an Amended Complaint correcting the deficiencies noted above **no later than September 26, 2022**.

3. Failure to file an Amended Complaint by the stated deadline will result in dismissal of this case without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 12, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

3